***********
Prior to the hearing before the Deputy Commissioner, the parties entered into a pretrial agreement, which is incorporated herein by reference and made part of the record. In addition, the parties agreed to stipulate to medical records that were attached to the pretrial agreement. Those records are received into evidence and are made part of the record.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
At the 17 December 2001 hearing before the Full Commission, attorney for plaintiff Robert Gage was not present. When contacted at his office, attorney Gage indicated that his office had not received the Full Commission calendar. The Industrial Commission, however, did receive a signed fax service acknowledgement from attorney Gage's office on 25 October 2001. This acknowledgement was faxed by the Industrial Commission to Attorney Gage's office with the Full Commission calendar in question and was faxed back to the Commission from attorney Gage's office, having been signed by a member of attorney Gage's staff. Attorney for defendants was present in the hearing room and was ready to argue. Given the circumstances, the Full Commission elected to proceed with the case. At the request of the Full Commission, attorney for defendants argued before the Full Commission on 17 December 2001.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of her employment on August 9, 1988. Defendants admitted liability for the injury and the Industrial Commission has approved a Form 21 Agreement. Pursuant to the approved Form 21 Agreement, plaintiff has been paid temporary total disability benefits from August 9, 1988 through September 29, 1989 and from March 7, 1991 through December 14, 1993.
2. Following her injury, plaintiff came under the care of Dr. Ernest Botero, a neurosurgeon of Greensboro, who treated her from August 1988 until July 1989, when plaintiff moved to Charlotte.
3. A Form 24 application was approved by the Chief Claims Examiner of the North Carolina Industrial Commission on October 18, 1989. The application allowed defendants to terminate compensation effective September 19, 1989. This application was granted improvidently. Plaintiff remained in disabling pain through 7 March 1991.
4. Plaintiff came under the care of Dr. J. Robinson Hicks, an orthopedic surgeon in Charlotte, who performed surgery on plaintiffs back in February 1991. The surgical procedure was a microdiskectomy, at L5-S1 on the left.
5. Subsequent to the surgery, plaintiff was released to return to work by Dr. Hicks on May 13, 1993. Dr. Hicks stated that plaintiff retained a 35% permanent partial impairment to the back as a result of her injury and subsequent surgery. Dr. Hicks also indicated that plaintiff was likely to require fusion surgery in the future.
6. Plaintiff then moved to Asheville, North Carolina, where Dr. Margaret Burke of Thomas Rehabilitation Hospital saw her. On July 26, 1993, Dr. Burke expressed the opinion that plaintiff reached a point of maximum medical improvement and that she retained 10% permanent partial impairment to the back as a result of her injury and subsequent surgery.
7. Subsequent to July 1993, plaintiff has not received any medical treatment for her back, with the exception of physical therapy and massage therapy that she has obtained on her own. However, defendants are responsible for this treatment in the amount of $2,217.10.
8. As a result of her injury on August 9, 1988 and her subsequent surgery on February 27, 1991, plaintiff has reached a point of maximum medical improvement and she retains a 10% permanent partial impairment to the back. Although there is conflicting medical opinion regarding ratings, the Commission gives more weight to the opinion of Dr. Hicks who gave plaintiff a 10% permanent partial impairment rating to the back.
9. Plaintiff is in need of ongoing physical therapy for her back condition. Such therapy is beneficial to plaintiff's condition and may prevent the need for future fusion surgery.
 ***********
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to receive temporary total disability compensation for the period from 29 September 1989 through 7 March 1991. N.C.G.S. § 97-29.
2. Plaintiff is entitled to compensation for a 10% permanent partial impairment pursuant to the Workers' Compensation Act. N.C.G.S. §97-31.
3. In addition to the $2,217.10 which plaintiff incurred for physical therapy, plaintiff is entitled to have defendant pay for medical treatment related to the compensable injury, and for such additional treatment as may be reasonably necessary to effect a cure or give relief. N.C.G.S. § 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to the counsel fee hereinafter awarded, defendants shall pay to plaintiff total disability compensation for the period from 29 September 1989 through 7 March 1991.
2. Defendants shall pay plaintiff compensation for permanent partial disability in the amount of 30 weeks for a 10% permanent partial impairment to the back. This compensation has accrued and shall be paid directly to plaintiff in a lump sum, subject to counsel fee hereinafter awarded.
3. Defendants shall pay all medical bills incurred for treatment of plaintiff's injury of August 9, 1988, through July 26, 1993. In addition, defendants shall pay $2,217.10 directly to plaintiff as reimbursement for the out-of-pocket expenses she has already incurred.
4. Defendants shall pay for any future medical expenses, including physical therapy, incurred or to be incurred as a result of the 9 August 1988 injury by accident.
5. A reasonable attorney's fee of 25% of the compensation awarded by this Award is hereby approved for plaintiff's counsel. This amount shall be deducted from the sum due plaintiff and shall be paid directly to plaintiff's counsel.
6. Defendants shall pay the costs due the Commission.
 S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________________________ THOMAS JEFFERSON BOLCH COMMISSIONER
S/_____________________________ DIANNE C. SELLERS COMMISSIONER